**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 13 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

CIDNEY GARCIA,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL,
Commissioner, Social Security
Administration,[*]

      Defendant-Appellee.

No. 97-5061
(D.C. No. 95-CV-448-K)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[**]

---

Before PORFILIO and LUCERO, Circuit Judges, and MARTEN,[***] District
Judge.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and
Human Services in social security cases were transferred to the Commissioner
of Social Security. Pub. L. No. 103-296. Pursuant to Fed. R. App. P. 43(c),
Kenneth S. Apfel, Commissioner of Social Security, is substituted for
Donna E. Shalala, Secretary of Health and Human Services, as the defendant in
this action. Although we have substituted the Commissioner for the Secretary in
the caption, in the text we continue to refer to the Secretary because she was the
appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***]     The Honorable J. Thomas Marten, District Judge, United States District
Court for the District of Kansas, sitting by designation.

Plaintiff Cidney Garcia appeals the district court's affirmance of the Secretary's decision denying plaintiff's applications for disability insurance benefits and supplemental security income.[1] Plaintiff contended that she was disabled as of December 1, 1991, as a result of complications arising from her bilateral club feet. In what became the final decision of the Secretary, the administrative law judge (ALJ) concluded that, although plaintiff could not return to her past relevant work, she could perform a significant number of sedentary jobs in the national economy and, therefore, she was not disabled. The district court affirmed the Secretary's denial of benefits and this appeal followed.

On appeal, plaintiff contends that the ALJ erred in concluding that her medical condition did not meet the listings for arthritis of a major weight-bearing joint, 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.03(B), and that the ALJ did not sufficiently state the reasons for his conclusion, see Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). Plaintiff also contends that the ALJ erred in assessing the credibility of plaintiff's subjective allegations of disabling pain.

We review the Secretary's decision to determine whether the correct legal standards were applied and whether the findings are supported by substantial

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

evidence in the record viewed as a whole. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). "If supported by substantial evidence, the Secretary's findings are conclusive and must be affirmed." Sisco v. United States Dep't of Health & Human Servs., 10 F.3d 739, 741 (10th Cir. 1993). "In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Turning first to plaintiff's contention that the ALJ did not sufficiently articulate his reasons for concluding that plaintiffs impairments do not meet the listings, we agree with the district court that "the ALJ's opinion, while not extensively detailed, adequately articulates his examination of the evidence and his reasoning." Appellant's App. at 361. Further, our review of the record reveals substantial evidence to support the ALJ's conclusion that plaintiff's impairments do not meet the listings, including Listing § 1.03(B).

In considering plaintiff's challenges to the ALJ's assessment of her allegations of disabling pain, we must bear in mind that "[c]redibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence," Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990). At the

final step of the familiar <u>Luna</u> framework,[2] the ALJ appropriately discussed in detail what evidence led him to believe that plaintiff's pain was not as severe as she alleged. <u>See</u> <u>Kepler v. Chater</u>, 68 F.3d 387, 391 (10th Cir. 1995). The record provides substantial evidence in support of the ALJ's determination that plaintiff's pain was not disabling.

In conclusion, the record demonstrates that the ALJ applied the correct legal standards in assessing plaintiff's applications for benefits and it contains substantial evidence supporting the ALJ's ultimate determination that plaintiff is not disabled because she can perform a significant number of sedentary jobs in the national economy. AFFIRMED.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

---

[2] <u>Luna v. Bowen</u>, 834 F.2d 161, 163-66 (10th Cir. 1987).